**IBRAHIM AHMED LAW GROUP, P.C.**
Ibrahim Ahmed, Esq. (NJ ID No. 265622018)
Fayyaz Ahmed, Esq. (NJ ID No. 341122021)
4105 US-1 South, Suite 2
Monmouth Junction, New Jersey 08852
Tel: (732) 800-0251
Fax: (732) 982-2147
Email: i.ahmed@ibrahimalaw.com / f.ahmed@ibrahimalaw.com
*Attorneys for Plaintiff(s)*

| | |
|---|---|
| ASAD NOORZAIE<br><br>　　　*Plaintiff,*<br><br>　　v.<br><br>ROBINHOOD FINANCIAL, LLC., ROBINHOOD SECURITIES, LLC., ROBINHOOD MARKETS, INC., JOHN DOES,<br><br>　　　*Defendants.* | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>DOCKET NO.:  3:21-cv-1361<br><br>**CIVIL CLASS ACTION**<br><br>**COMPLAINT AND JURY DEMAND** |

ASAD NOORZAIE ("Plaintiff" and/or "Asad") by way of Complaint against

ROBINHOOD FINANCIAL, LLC., ROBINHOOD SECURITIES, LLC., ROBINHOOD

MARKETS, INC., and JOHN DOES ("Defendants" and/or "Robinhood") states as follows:

### THE PARTIES

1.　　Plaintiff is a citizen of the State of New Jersey.

2.　　Upon information and belief, Defendant Robinhood Financial, LLC., is a

Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park,

California 94025. Further, it is a wholly owned subsidiary of Robinhood Markets, Inc.

Defendant Robinhood Financial, LLC., is registered as a broker-dealer with the U.S. Securities

& Exchange Commission ("SEC"). Defendant Robinhood Financial, LLC., acts as an introducing broker and has a clearing arrangement(s) with its affiliate Defendant Robinhood Securities, LLC.

3.        Defendant Robinhood Securities, LLC., is a Delaware corporation with its principal place of business at 500 Colonial Center Parkway, Suite 100, Lake Mary, Florida 32746. It is a wholly owned subsidiary of Defendant Robinhood Markets, Inc. Further, Defendant Robinhood Securities, LLC., is registered as a broker-dealer with the SEC. Defendant Robinhood Financial, LLC., acts as a clearing broker and clears trades introduced by its affiliate Defendant Robinhood Financial.

4.        Defendant Robinhood Markets, Inc. is a Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park, California 94025. Based upon information and belief, Defendant Robinhood Markets, Inc. is the corporate parent of Defendants Robinhood Financial LLC and Robinhood Securities, LLC.

## JURISDICTION AND VENUE

5.        This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). because this action is between citizens of different states, a class action has been pled, and the matter in controversy exceeds the sum or value of $5,000,000. exclusive of interest and costs.

6.        Venue is appropriate in this District pursuant to 28 USC § 1391(b)(2) because a substantial part of the acts and omissions that gave rise to this Complaint occurred or emanated from this District.

7.        This Court has personal jurisdiction over Robinhood because it specifically marketed, advertised, and made substantial sales in New Jersey. Further, it has sufficient

minimum contacts with the State of New Jersey and purposely availed itself of the forum states'

laws through promotion, sales, and marketing.

## FACTUAL ALLEGATIONS

8.        Robinhood is an online brokerage firm where its customers places securities trade

through its web-based application ("app"). Robinhood also permits customers to purchase and sell

securities and futures contracts.

9.        Robinhood advertises itself on its website as follows: "***At Robinhood, we believe***

***the financial system should be built to work for everyone. That's why we create products that let you***

***start investing at your own pace, on your own terms.***"

10.        Robinhood is a relatively new company with a recent valuation estimated at

eleven billion dollars ($11,000,000,000).

11.        Robinhood has been known to freely allow customers to trade as retail investors

without interruption. Retail investors are individual non-professional investors who purchase

assets such as stocks, bonds, securities and exchanged traded funds. Recently, retail investors have

been blocked from the opportunity to lawfully earn through the purchase and sale of said securities.

12.        On or around January 11, 2021, stocks in GameStop Corp. ("$GME") began to
rise.

13.        On or about January 28, 2021, Robinhood pulled off $GME from their app and

as a result, retail investors could not buy or even search for $GME on Robinhood's app.

Upon information and belief, Robinhood intentionally, purposely, and maliciously blocked

$GME's stock on its app to slow the growth of $GME.

14.        In fact, on January 28, 2021, Robinhood proclaimed in their blog that,

*"We continuously monitor the markets and make changes where necessary. In light of recent volatility, **we are restricting transactions for certain securities position closing only, including** ...$BB, $BBBY, $CTRM, $EXPR, $GME, ... We also raised margin requirement for certain securities."*

15.      According to most retail investors and news media outlets, Robinhood's actions were done purposely and knowingly to manipulate the market and benefit certain financial institutions and brokerage firms for select people associated with said institutions.

16.       Robinhood's said conduct deprived retail investors the opportunity to purchase $GME shares at a low and advantageous point in addition to depriving them an opportunity to "short" $GME in case their stock price drops.

17.      Consequently, Robinhood prevented retail investors from purchasing $GME shares, breached their fiduciary duties towards them, and deprived them of the benefits of Robinhood's services.

18.      The Financial Industry Regulatory Authority ("FINRA"), rule 5310 requires Robinhood to:

> "… make every effort to execute a marketable customer order that it receives fully and promptly. A member that is holding a customer order that is marketable and has not been immediately executed must make every effort to cross such order with any other order received by the member on the other side of the market up to the size of such order at a price that is no less than the best bid and no greater than the best offer at the time that the subsequent order is received by the member and that is consistent with the terms of the orders. In the event that a member is holding multiple orders on both sides of the market that have not been executed, the member must make every effort to cross or otherwise execute such orders in a manner that is reasonable and consistent with the objectives of this Rule and with the terms of the orders. A member can satisfy the crossing requirement by contemporaneously buying from the seller and selling to the buyer at the same price."

19.      In addition to $GME, Robinhood has pulled other securities from their app.

**FINANCIAL LOSS TO PLAINTIFF**

20.     On or about January 28, 2021, Plaintiff was not able to purchase $GME stocks.

21.     Plaintiff was planning on holding $GME's shares longer and purchasing substantially more shares since the share value became more attractive since GameStop hired new executive leadership. However, as mentioned before, he was unable to do so.

22.     Despite this drawback, other brokerage firms were surprisingly able to find $GME on the Robinhood app and invest in the $GME shares.

23.     Thus, Plaintiff, and many other retail investors and Class members lost out on earning opportunities.

**CLASS ACTION ALLEGATIONS**

24.      Plaintiff repeats each and every allegation as if set forth herein in full.

25.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23 on behalf of himself and a Class consisting of:

**All individuals who were Robinhood customers in New Jersey that were not able to perform trades on $GME as a result of the purposeful actions and/or inactions of Robinhood.**

26.     Excluded from the class are the Defendants, their affiliates and subsidiaries, Defendant's current employees and current or former officers, directors, representatives, and their family members.

27.     At this juncture, Plaintiff does not know the exact size or identities of the members of the proposed Class, since such information is in the exclusive control of the Defendants. Plaintiff believes that the Class encompasses many hundreds and perhaps

thousands of individuals whose identities can be readily ascertained from Defendants. Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

28.     There are common questions of law and fact that predominate over any questions affecting individual members of the  Class including whether:

a.  Whether Robinhood failed to provide the duty of care required to their customer's when they intentionally blocked retailer investors from purchasing $GME for no legitimate reasons;

b.  Whether Robinhood removed $GME stocks purposefully with the intent to harm their customers from earning their prospective gains;

c.  Whether Robinhood violated FINRA Rule 5310, state rules, and federal regulations;

d.  Whether Robinhood violated consumer protection laws through its actions and/or inactions;

e.  Whether Robinhood was in breach of its fiduciary duties to its customer base;

f.  Whether Robinhood was in breach of contract and/or the implied covenant of good faith and fair dealing in connection with its failure to provide financial services;

g.  Whether Robinhood was unjustly enriched through its conduct;

h.  Whether Plaintiff and members in the Class were injured as a result of Robinhoods's conduct; and

i.  Whether Plaintiff and members in the Class are entitled to damages, restitution, and other relief, including injunctive relief.

29.     Based on the size of the Class, Plaintiff believes that the amount in controversy

exceeds five million dollars ($5,000,000.00).

30.     Plaintiff will adequately represent the interests of the Class and he has no

conflicts with any other Class members. Further, Plaintiff has retained competent legal

counsel for this matter that will adequately litigate this class action.

31.     A class action  is superior to other methods for the fast and efficient adjudication

of this controversy. A class action regarding the issues in this case does not create any

problems of manageability.

## COUNT I:
## BREACH OF CONTRACT (CUSTOMER AGREEMENT)

32.      Plaintiff and Class members repeats and realleges each allegation in the above

paragraphs of this Complaint as if set forth at length herein.

33.      Defendants have breached the Customer Agreement based on the following:

(1) failing to disclose that it would pull $GME stock from its trading platform; (2) by knowingly

putting its customers and retail investors at a disadvantage compared to other financial investors

or brokerage firms; (3) by preventing its customers, including Plaintiff, from performing

transactions in a timely manner under the contract; (4) by failing to execute trade exercised by

its customers; (5) and by failing to comply with the applicable legal, regulatory and licensing requirements.

34.     Robinhood's conduct was a breach of its Customer Agreement with its customers and the aforesaid Class members.

35.     Defendants breach of the Customer Agreement rested in the Plaintiff and the Class members have suffered damages and losses and continues to be exposed to harm as long as the Defendants fail to perform under the Customer Agreement. The Plaintiff and Class members losses and damages will be reflected in an amount to be determined at trial or separate proceedings as necessary.

**WHEREFORE,** Plaintiff demands that the Court enter judgment in their favor and against the Defendants.

**COUNT II:**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

36.     Plaintiff and Class members repeats and realleges each allegation in the above paragraphs of this Complaint as if set forth at length herein.

37.      Pursuant to the Customer Agreement(s) between the parties, Defendants had an affirmative duty of good faith and fair dealing with respect to its contractual relationship with Plaintiff.

38.     Defendants deliberate and knowing actions involving false pretense, false promises, misrepresentations, and circumvention constitute a breach of the implied covenant of good faith and fair dealing.

8

39.     Defendants and members of the Class agreed to the Defendants "Terms and Conditions" when they used their website and opened trading account(s).

40.     Defendants were obligated to provide trading services under said contracts with respect to trades for $GME.

41.     Prior to this event, Plaintiffs and Defendants customers were allowed to trade $GME shares using Defendants platform without any interference.

42.     Defendants breached their duty of good faith and fair dealing by failing to provide adequate services necessary to carry out a trade, failing to provide their customers of the changes in trading abilities, and prohibiting Plaintiffs from buying $GME shares for Defendants own fiscal interests.

**WHEREFORE,** Plaintiff demands that the Court enter judgment in their favor and against Defendants.

## COUNT III: NEGLIGENCE

43.     Plaintiff and Class members repeats and realleges each allegation in the above paragraphs of this Complaint as if set forth at length herein.

44.     Defendants had a duty to exercise reasonable care in providing stocks to customers in an open market for its customers.

45.     Defendants unlawfully breached their duties by removing (a) $GME without notice from its trading app; and (b) by failing to provide adequate financial services to its customers.

46.     Based on information and belief, no other similar institutions have banned its customers from purchasing a specific share of a specific security.

47.     As a result of the Defendants conduct, the Plaintiff and its class members actually and proximately suffered losses and damages.

**WHEREFORE,** Plaintiff demands that the Court enter judgment in their favor and against Defendants.

## COUNT IV: BREACH OF FIDUCIARY DUTY

48.     Plaintiff and Class members repeats and realleges each allegation in the above paragraphs of this Complaint as if set forth at length herein.

49.     Robinhood breached its fiduciary duties to Plaintiff and Class members by failing to disclose that it would pull $GME stock from its trading platform; by knowingly putting its customers and retail investors at a disadvantage compared other financial investors or brokerage firms, by preventing its customers and Plaintiffs from performing transactions in a timely manner under the contract; by failing to execute trade exercised by its customers; and by failing to comply with the applicable legal, regulatory and licensing requirements.

50.     Defendants conduct has caused Plaintiff and Class members' harm, losses, damages and continues to expose them to harm because Robinhood continues to breach its fiduciary duties. These losses reflect damages to Plaintiff and Class members in an amount to be determined at trial or separate proceedings as necessary.

**WHEREFORE,** Plaintiff demands that the Court enter judgment in their favor and against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Certify this case as a class action and appoint Plaintiff to serve as Class representative and his counsel to be Class counsel;

(b)     A determination as to Defendants' liability for damages;

(c)     A determination as to declaratory and injunctive relief:

(d)     An award of restitution, rescission, and damages;

(e)     An award of pre-judgment and post-judgment interest on all damages as allowed by law: and

(f)     An award from a common fund created, attorneys' fees and the costs of filing and litigating this suit.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
**IBRAHIM AHMED LAW GROUP, P.C.**

/s/Ibrahim Ahmed
IBRAHIM AHMED, ESQ.

Dated: 1/29/2021